JUSTICE WARNER
concurring and dissenting.
¶17 I concur in affirming the District Court but I dissent from this Court’s decision to continue to use two separate standards; one to determine whether to set aside a default and another to set aside a default judgment. I would abandon the Cribb v. Matlock standard and *238 simply use that announced in Blume v. Metropolitan Life Ins. Co. in both instances.
¶18 The decision today, while attempting to clarify the law, will only continue the confusion for no reason of substance. I can see no purpose in perpetuating the distinction between setting aside a default and setting aside a default judgment. In my opinion it is counter productive.
¶19 Rule 55(a), M.R.Civ.P., does indeed make it a ministerial act for the Clerk of Court to enter a default when the defaulted party has not appeared. Rule 55(b), M.R.Civ.P., provides that it is a ministerial act for the court to enter a default judgment when a party has not appeared unless it is necessary to take evidence on some issue. Such is not the case here. Jaycie did not appear and thus Essex was entitled to judgment. No discretion would have been involved. In effect, the entry of a default judgment would have been a ministerial act.
¶20 The only real difference between the Cribb and the Blume standards is that the former asks whether the defaulted party acted willfully, and the latter asks whether the defaulted party proceeded with diligence and whether its failure to appear was excusable. Under Cribb the defaulted party must only show it did not purposely decide to allow the default be entered. This is the same as saying: “Gosh Judge, I know I’m late and I don’t have any excuse, but I really didn’t mean to not appear like I was told I had to.” In my view, this is not sufficient to set aside a formal default. It is especially true under the present circumstances where Jaycie was told that it would be defaulted if it did not appear.
¶21 Under the Blume standard the defaulted party must at least act with some degree of diligence and offer some excuse for its neglect, i.e., it must offer some reasonable explanation for not appearing. This is not too much to ask. In fact, in this case Jaycie does make its excuse, albeit not a good one.
¶22 In reviewing default judgments we have consistently held that cases should be decided on their merits, judgments by default are not favored, and only a slight abuse of discretion need be shown to warrant reversal on appeal. Sun Mountain Sports v. Gore, 2004 MT 56, ¶ 10, 320 Mont. 196, ¶ 10, 85 P.3d 1286, ¶ 10. These protections for a defaulted party are more than sufficient. There is no need for the double standard revived by today’s decision.
¶23 As the Court states at ¶ 12, the Blume standard has often been used by this Court when considering whether to set aside a default. I would opt for the beauty of simplicity where there is no need for *239 complication. When there is no need for two standards - one is better. The Cribb standard should be allowed to lie in peace where it has already been buried.